GANDÍA, PETICIONARIO Y APELADO, *v.* EL PUEBLO, OPOSITOR Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en recurso de *habeas corpus.*

No. 1571.—Resuelto en febrero 14, 1921.

HABEAS CORPUS—CAUSA PROBABLE PARA EL ARRESTO—PERJURIO.—Cuando la persona arrestada por delito de perjurio alega en una petición de *habeas corpus* que no existe causa razonable o probable para su prisión, tiene el fiscal que presentar al juez que oye la petición alguna prueba de que la declaración falsa es esencial en el procedimiento en que se prestó, pues si no lo hace así no puede el juez estimar que se ha cometido el delito de perjurio, y por consiguiente que hay causa razonable para la prisión del acusado. La simple alegación de que la declaración falsa era esencial, no es suficiente para establecer la causa probable.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. R. Díaz Collazo* y *José E. Figueras, Fiscales.*

Abogado del apelado: *Sr. José de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Pedro Gandía Córdova presentó en la Corte de Distrito de San Juan, Sección Primera, una solicitud de *habeas cor-*

*pus* alegando que había sido detenido por orden del fiscal del mismo distrito por el delito de perjurio sin que exista causa probable para su detención por lo que pidió se ordenara su excarcelación.

Oído el peticionario y el fiscal la corte ordenó la libertad del detenido y contra esa resolución interpuso el fiscal de distrito el presente recurso de apelación en el que alega que la corte inferior resolvió erróneamente la petición del apelado porque probó causa probable para la detención y porque indebidamente admitió prueba al peticionario.

Para probar el fiscal a la corte inferior que tenía causa probable para la detención de Gandía presentó la siguiente evidencia:

Primera. La denuncia que ante él juró el abogado Cayetano Coll y Cuchí, que dice así:

"El que suscribe, abogado, presenta ante Vd. a su consideración los hechos relatados a continuación constitutivos del delito de perjurio previsto y penado en nuestro Código Penal, solicitando la correspondiente investigación del asunto.

"En un pleito seguido ante la Sección Primera de la Corte de Distrito, Pedro Gandía, después de haber prestado juramento en debida forma, maliciosamente y a sabiendas declaró falsamente en la siguiente forma:

"¿Y como es que Vd. era dueño de esas 60 acciones que dice ahí la escritura de liquidación, a título de qué era Vd. dueño de esas 60 acciones?—Al incorporarse la Compañía en junio del 13 se incorporó con 60 acciones a nombre de Stubbe, 60 mías, 3 de Federico Stubbe y 2 de Héctor Cestero según el acta de incorporación.

"¿Eso fué al incorporarse?—Sí señor.

"¿En qué fecha Vd. dice que se verificó esa incorporación?—El 18 de junio de 1913.

"¿Y dice Vd. que en esa incorporación Vd. tenía 60 acciones?—Sí señor.

"¿Cómo las tenía Vd. esas 60 acciones?—Que había contribuído con ellas a la incorporación de la Compañía.

"¿Pero cómo las adquirió Vd?—Pagándolas.

"¿Vd. firmó como incorporador el certificado de incorporación?—Sí señor.

"¿Ante qué notario?—Ante el Lcdo. Coll Cuchí.

"¿Quién más firmó con Vd?—Los demás incorporadores.

"¿Quiénes eran?—Johann D. Stubbe, Federico Stubbe y Héctor Cestero.

     *       *       *       *       *       *       *

"¿El Sr. Gandía recuerda cómo se formó la Porto Rico Fertilizer Company en la cual él era Presidente?—Se formó con un capital en acciones de 12,500 pesos.

"No le pregunto eso. ¿No recuerda que se formó por virtud de un convenio firmado entre Gandía & Stubbe y una sociedad americana que se llama Virginia Carolina Chemical Company?—Sí señor.

"¿Recuerda quién firmó ese convenio por Gandía & Stubbe?—No recuerdo si lo firmé yo.

"¿Recuerda los términos de ese convenio?—No los recuerdo.

"Vamos a ver si hacemos memoria. ¿Recuerda el Sr. Gandía si se convino que Gandía & Stubbe tomaría 500?

     *       *       *       *       *       *       *

"¿Recuerda el Sr. Gandía si él personalmente como socio gestor de Gandía & Stubbe convino con la Virginia Carolina Chemical Company en organizar una Compañía con 25,000 dollars en acciones para vender abonos, de los cuales necesariamente Gandía & Stubbe tendrían 12,500 dollars en acciones?

     *       *       *       *       *       *       *

"¿Recuerda el Sr. Gandía eso o no?—Lo recuerdo.

"¿Fué así?—Sí señor, pero se dividieron las acciones para cada uno.

"¿Se pusieron acciones a nombre de cada uno?—Se pusieron no, se tomaron a nombre de cada uno.

"¿Quién las pagó?—Nosotros.

"¿Quiénes son nosotros?—Los que las tomaron.

"¿Pero quiénes son?—Johann D. Stubbe.

"¿Johann D. Stubbe pagó cuántas?—60.

"¿Cuánto pagó por ellas?—6,000 dollars.

"¿En qué?—Supongo que en dinero.

"¿Vd. como Presidente de la Compañía sabe o no sabe en qué pagó el Sr. Stubbe sus 60 acciones?—Yo me refiero a las cláusulas de incorporación.

"Yo me refiero a la pregunta que le hago. ¿Las 60 acciones de Stubbe Vd. sabe en qué las pagó?—Las pagó en dinero.

"¿Las pagaría no, Vd. sabe o no sabe en qué las pagó?—Yo no sé en qué las pagó.

"¿Las 60 acciones de Vd. en que las pagó?—Con dinero.

"¿Ese dinero lo tenía Vd. en dónde; lo tenía Vd. en el banco?— No recuerdo dónde lo tenía.

"¿Lo tenía en un ropero de su casa?—Supongo que lo tendría allí.

"¿Vd. no se acuerda que también en ese convenio se estipuló que esos 12,500 pesos se pagarían con una finca propiedad de Gandía & Stubbe y era donde se iba a edificar la fábrica de la compañía de abonos; no recuerda que también dice eso el convenio?—No recuerdo que diga eso.

*       *       *       *       *       *       *

"La falsedad de esta declaración consiste en que la Porto Rico Fertilizer Company fué una Corporación que se organizó con arreglo a un convenio firmado entre la Virginia Carolina Chemical Company, de Richmond, Virginia, y la mercantil 'Gandía & Stubbe,' cuyo convenio fué firmado personalmente y negociado en todas sus partes por el dicho Pedro Gandía y en virtud del cual convenio se organizaría una corporación cuyo nombre sería Porto Rico Fertilizer Company y cuyo capital consistiría en ($25,000) veinte y cinco mil dollars dividido en acciones de a cien dollars ($100) cada una; que ese capital sería suscrito la mitad por la Virginia Carolina Chemical Company y la otra mitad por la mercantil 'Gandía & Stubbe;' que la mitad correspondiente a la Virginia Carolina Chemical Company se pagaría en efectivo por dicha Compañía, y que la otra mitad correspondiente a 'Gandía & Stubbe' se pagaría en el precio de un solar que era propiedad de dicha mercantil situado en Miramar, San Juan, P. R., dándosele a dicho solar un valor de doce mil quinientos dollars ($12,500;) que siendo la propiedad de las acciones de la Porto Rico Fertilizer Company dividida de esta manera entre una sociedad regular colectiva bajo las leyes de Puerto Rico y una corporación, era indispensable que las acciones figurasen a nombre de personas naturales que pudieran ocupar los puestos oficiales de la corporación que iba a formarse, a cuyo fin se convino en poner (60) sesenta acciones a nombre de Johann D. Stubbe, (60) sesenta acciones a nombre de Pedro Gandía, (3) tres acciones a nombre de Federico Stubbe y (2) dos acciones a nombre de Héctor Cestero; cuyas acciones a pesar de estar a nombre de estas distintas personas eran sin embargo propiedad de la firma 'Gandía & Stubbe;' y para dar participación a la Virginia Carolina Chemical Company en la Junta de Directores se distribuyeron sus acciones en la siguiente forma: Ciento veinte y dos acciones (122) a nombre de Virginia Carolina Chemical Compnay, una acción

(1) a Charles G. Wilson, una (1) acción a P. C. Hoffman y una (1) acción a H. W. Wallace.

"A pesar de que el citado Pedro Gandía sabía y le constaba que las acciones que estaban a su nombre fueron puestas en tal forma por virtud de este convenio y que no eran de su propiedad, ni tenía derecho alguno sobre ellas, maliciosa y criminalmente, con intención de que su declaración influyera en la decisión del pleito número 9463 seguido en la Sección Primera de la Corte de Distrito del Distrito Judicial de San Juan declaró en la forma antedicha.

"Para comprobar esta relación someto a vuestra consideración las siguientes pruebas:

"1. Contrato firmado por el Sr. Gandía y la Virginia Carolina Chemical Company sobre organización de la Porto Rico Fertilizer Company.

"2. Libros con sus entradas originales de la Porto Rico Fertilizer Company.

"3. Cuentas en los libros de la mercantil 'Gandía & Stubbe' referentes a la organización de la Porto Rico Fertilizer Company y al solar vendídole en Miramar, así como las cuentas de dividendos de la Porto Rico Fertilizer Company en dichos libros.

"4. Declaración de Cay. Coll Cuchí, J. D. Stubbe, Federico Stubbe, Héctor Cestero, S. D. Crenshaw, Charles G. Wilson, Virginia Carolina Chemical Company, P. C. Hoffman y H. W. Wallace.

"Estas últimas cinco personas son residentes de Richmond, Virginia, pero sus deposiciones pueden ser tomadas por orden de la corte; y si esa Fiscalía lo interesa pueden obtenerse sus declaraciones juradas sobre estos hechos ante un oficial cualquiera de cualquier corte de *record* de la ciudad de Richmond, Virginia.

"San Juan, P. R., marzo 7, 1920.—Cayetano Coll Cuchí."

Segunda. Las notas taquigráficas en que consta la declaración que prestó Pedro Gandía Córdova en los autos No. 6493, segunda pieza, páginas 17, 18 y 19, que aunque no se han hecho formar parte de la transcripción que tenemos ante nosotros aparece copiada en el escrito de denuncia, según expresa el juez que resolvió la petición en la opinión que con tal motivo escribió.

Tercera. Dos asientos obrantes al folio 271 del libro No.

10 de la mercantil Gandía & Stubbe que literalmente dicen así:

"Acciones de the Porto Rico Fertilizer Company.

"Importe de (125) ciento veinticinco acciones compradas a dicha compañía, según certificados extendidos ayer_____:_____ $12,500.00

"La fecha que ostenta este asiento es la de 18 de diciembre de 1913.

"Terrenos tras Miramar.

     "Recibido con fecha anterior de la Porto Rico Fertilizer Company por importe de la venta de un solar situado en Tras Miramar, compuesto de 5,669.28 metros cuadrados, según escritura ante el notario don Cay. Coll Cuchí_____ $12,500.00"

Cuarta. La declaración de Arturo Trías quien testificó que los asientos anteriores fueron extendidos por él como tenedor de libros de Gandía & Stubbe.

De la prueba anterior resulta que según los libros de contabilidad de la sociedad mercantil Gandía & Stubbe, de la que era socio Pedro Gandía Córdova, dicha mercantil vendió un solar a la corporación Porto Rico Fertilizer Company por precio de $12,500, cuya cantidad invirtió la expresada mercantil en la compra de 125 acciones de la corporación compradora del solar y que el apelado declaró posteriormente en el pleito de que se ha hecho mención que sesenta de esas acciones, que fueron extendidas a su nombre individual, son de su propiedad exclusiva por haberlas pagado con dinero suyo particular.

El juez de la corte inferior ordenó la excarcelación de Gandía fundándose principalmente en no habérsele demostrado de que la declaración prestada por Gandía era esencial en el mencionado pleito. Para rebatir esta conclusión alega el fiscal apelante que en un procedimiento de *habeas corpus* no tiene que ir tan lejos como presentar prueba de que la declaración falsa es esencial y que aunque esto fuera

necesario, de la lectura de los documentos por él presentados diáfanamente se desprende la esencialidad o importancia
del testimonio prestado por el peticionario y llama nuestra
atención a la declaración jurada del denunciante, a la segunda pieza de los autos del pleito mencionado, especialmente
a las páginas 17, 18 y 19, y a las manifestaciones que hizo
en la corte inferior al terminar su prueba según las cuales
era la que estimaba necesaria para sostener la causa probable sin que fuera toda la que tenía.

Para que se entienda que se ha cometido un delito y para
que por tanto pueda ordenarse la prisión de una persona es
necesario que haya prueba de todos los requisitos que la ley
exige para que el delito exista.   Por ejemplo, concretándonos
al caso presente, uno de los requisitos exigidos por el artículo
117 del Código Penal en el delito de perjurio es que la declaración falsa jurada sea esencial en el asunto en que se
presta, pues como dijo este Tribunal Supremo en el caso de
*El Pueblo* v. *Colón,* 10 D. P. R. 210, no basta la declaración
falsa-jurada de cualquier hecho sino que el hecho falso jurado ha de ser esencial o importante, no siendo suficiente
una mera alegación de que tal hecho es esencial.   Como consecuencia de lo expuesto cuando la persona es privada de
su libertad por el delito de perjurio y en una petición de
*habeas corpus* alega que no existe causa razonable o probable para su prisión tiene el fiscal que presentar al juez que
oye la petición alguna prueba de que la declaración falsa
es esencial en el asunto en que se prestó pues si no lo hace
así no puede el juez estimar que se ha cometido el delito de
perjurio, que hay causa razonable para la prisión por el
mismo, y ordenará la excarcelación.

Con respecto al extremo de la esencialidad de la declaración de Gandía no existe otra cosa en los autos que la manifestación del denunciante de que la prestó para que influyera
en la decisión del pleito mencionado, lo que no es suficiente·

de acuerdo con el caso citado por ser solamente la opinión o el juicio del que suscribió la denuncia, pues el fiscal no presentó prueba alguna sobre dicho particular toda vez que del expresado pleito sólo presentó la segunda pieza del mismo en cuanto a los folios 17, 18 y 19 del récord taquigráfico que contienen la declaración de Gandía, que fué copiada en la denuncia según manifiesta el juez sentenciador, y no tenemos ante nosotros ni el contenido de esos folios ni la expresada pieza del pleito; y no habiéndose presentado todo el pleito en la corte inferior ni ésta ni nosotros conocemos la naturaleza del mismo para poder determinar que la declaración de Gandía era esencial o importante en él.

En vista de lo expuesto tenemos que concluir que no habiéndose presentado por el fiscal prueba alguna respecto a la esencialidad de la declaración prestada por Gandía ni pudiendo deducirse de las otras pruebas que suministró el fiscal, la corte inferior no cometió error al estimar que no se le había presentado prueba de causa razonable de la comisión del delito de perjurio por Gandía ni al ordenar en consecuencia la excarcelación de éste.

Habiendo llegado nosotros a esta conclusión no es necesario considerar la otra cuestión propuesta por el apelante porque es subsidiaria de la que resolvemos ya que depende de que hubiéramos estimado que el fiscal había demostrado a la corte inferior que tuvo causa probable o razonable para la detención del apelado.

La resolución apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no intervino en la vista de este caso.